**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

Jon-Pierre Rattie,

    Plaintiff,

vs.                                             Civil Action Number:

Lincoln National Life
Insurance Company, and
Balfour Beatty, LLC Employee
Group Benefits Plan,

    Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Jon-Pierre Rattie, by and through his undersigned counsel, Gregory G. Paul, and files the within Complaint to obtain declaratory relief under an ERISA employee benefit plan, statutory penalties for failure to provide the claim file, the "deemed denial" of long-term disability benefits and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and Plaintiff resides in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Jon-Pierre Rattie, is an adult individual who resides in Austin, Texas.

4. Defendant, Lincoln National Life Insurance Company ("Lincoln"), is the *de facto* plan administrator, claims administrator, and insurer of the Plan on behalf of Balfour Beatty, LLC Employee Group Benefits Plan.

5. Balfour Beatty, LLC Employee Group Benefits Plan, is an employee benefit plan as defined under ERISA and is located at 300 Galleria Parkway, Suite 2050, Atlanta, GA 30339.

## SUMMARY OF ACTION

5. Mr. Rattie was employed as a Testing and Commissioning Manager since September 21, 2018.

6. Mr. Rattie was diagnosed with Common Variable Immune Dysfunction (CVID) and this condition requires specialized injections.

7. Following a conference call concerning his diagnosis and need to work remotely, Lorie Holte, Project Manager, sent a letter dated April 1, 2022 to Mr. Rattie requiring his physical return to work by April 18, 2022 related to his work on a Caltrain Project.

8. Mr. Rattie received past accommodations to work remotely initiated by his physicians at Stanford continuing through the present to support certain symptoms and side-effects related to his diagnosis of CVID and treatment.

9. Dr. Villacis, Mr. Rattie's physician, completed an accommodation form and wrote an accommodation letter dated April 27, 2022 that was submitted to his employer, Balfour Beatty Infrastructure, Inc.

10. Balfour Beatty has not responded to Mr. Rattie's request for accommodations. He last worked on May 12, 2022 and placed on a leave of absence.

11. Mr. Rattie applied for short-term disability benefits with Lincoln and was denied in a letter dated October 13, 2022.

12. Under the short-term disability insurance policy, an Employee is considered Disabled if, as a result of Injury or Sickness, is unable to perform the material and substantial Duties of his own job.

13. On October 13, 2022, the same date of the denial, counsel for plaintiff made a written request for the complete claim file and supporting documents.

14. Defendants have failed to respond or provide the requested documents as required under the ERISA regulations set forth below.

15. On December 6, 2022, Plaintiff alerted Defendants in writing that he had not received the requested claim file or LTD documents.

16. Defendants failed to provide any documents as part of the claims file preventing Plaintiff from reviewing the claim file for the purpose of submitting an appeal for short-term disability benefits.

17. Mr. Rattie applied for long-term disability on October 27, 2022.

18. Under the applicable ERISA regulations, Lincoln was required to make a decision within 45 days or notify Mr. Rattie within the same time frame that "special circumstances" existed to require a 30 day extension.

19. Lincoln did not make a decision within 45 days or notify Mr. Rattie of any special circumstances within the 45 day period of time.

20. Instead, Lincoln wrote a letter to Mr. Rattie's counsel dated December 20, 2022 claiming to invoke special circumstances for "completion of a physician medical review".

21. However, a physician review is not a special circumstance and is a regular part of the claims process.

22. Lincoln's failure to make a timely decision under the ERISA regulations has deprived Mr. Rattie of the disability benefits due to him and constitutes a "deemed denial" excusing the exhaustion of administrative procedures.

# COUNT ONE

## (DUTY TO PROVIDE DOCUMENTS – ERISA 502(c) and 29 U.S.C. 1132(c)

23. Paragraphs 1-22 are re-alleged and incorporated by reference as if fully set forth herein.

24. On or about October 13, 2022, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email.

25. Plaintiff did not receive any documents including the claims file, written protocols, rules, or the qualifications of the reviewers of their claims file.

26. Based on this conduct, defendant is in violation of ERISA § 502(c) and 29 U.S.C 1132(c) by failing to supply information and comply with notice requests:

> (1) Any administrator [who fails to provide certain information] . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . .by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

27. Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated".

28. Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants.

29. Defendants failed to identify all of the medical and vocational experts whether relied upon or not.

4

30. Defendants failed to identify the actual reviewer and his or her credentials. 31.

31. Defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits.

## COUNT TWO
## (CLAIM FOR BENEFITS UNDER THE PLAN - 29 USC 1132(a)(1)(B))

32. Paragraphs 1-31 are re-alleged and incorporated by reference as if fully set forth herein.

33. The Plan provides the Plaintiff is entitled to replacement disability income, ("Disability Benefits") based upon his becoming disabled within the meaning of the Plan.

34. Plaintiff has established his disability within the meaning of the Plan and is entitled to Disability Benefits because he is "Disability" or "Disabled" means that, due to Sickness or as a result of injury or sickness, is unable to perform the material and substantial duties of his own occupation.

35. Under 29 C.F.R. 2560.503-1(f)(3), Lincoln was required to make a decision with 45 days:

> Disability claims. In the case of a claim for disability benefits, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan. This period may be extended by the plan for up to 30 days, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision.

36. Defendant, Lincoln, failed to make a decision within 45 days following Mr. Rattie's application on October 27, 2022. Extensions for physician or vocational review have been held not to be special circumstances. *Salisbury v Prudential Ins. Co.*, 238 F. Supp. 3d 444 (S.D.N.Y. 2018).

5

37. Plaintiff is entitled to payment of the Disability Benefits under the Plan because his medical conditions meet the definition of "Disability" or "Disabled".

38. Plaintiff is deemed to have exhausted administrative remedies when Defendants failed to follow reasonable claims procedures under 29 C.F.R. 2560-301-1(l)(2):

Plans providing disability benefits.

(i) In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan, except as provided in paragraph (l)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary. Defendants' failure to make a decision concerning long-term disability benefits constitutes a "deemed denial" of benefits governed by ERISA and adversely affects his eligibility for continuing long-term disability benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jon-Pierre Rattie, respectfully prays that the Court: (1) declare that the Defendants are obligated to pay Plaintiff his past due long-term disability benefits; (2) declare that the Defendants be assessed and ordered to pay $110 per day for the failure and/or refusal to provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (4) award such other further and different relief as may be just and proper.

Respectfully submitted,

PAUL LAW OFFICES

  /s/ Gregory G. Paul
GREGORY G. PAUL
Texas Bar No.: 24054974
1808 Wedemeyer Street, Suite 216
San Francisco, CA 94129
Tel: (844)374-7200
Fax: (888) 822-9421
gregpaul@paullaw.com

Attorney for Plaintiff

Dated:  January 3, 2023.