IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JON-PIERRE RATTIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:23-cv-00007 |
| LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY, and | ) |
| BALFOUR BEATTY, LLC EMPLOYEE | ) |
| GROUP BENEFITS PLAN, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Jon-Pierre Rattie ("Plaintiff"), and states as follows:

### JURISDICTION AND VENUE

1. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA") and that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. Lincoln admits, upon information and belief, that Plaintiff is over the age of 18. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that short term disability benefits from the Balfour Beatty Infrastructure Short Term Disability Plan (the "STD Plan") are self-insured by Balfour Beatty, LLC ("Balfour") and that, at certain times, Lincoln provided certain services to the STD Plan pertaining to claims for short term disability benefits under the terms of a contract. Lincoln admits that it issued a Group Long-Term Disability Income Policy (the "LTD Policy") to Balfour, which Policy, at certain times, insured disability benefits from the Balfour Beatty Infrastructure Inc. Long Term Disability Plan (the "LTD Plan") sponsored by Balfour to provide long term disability benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy, but Lincoln specifically denies that it was the Plan administrator of the STD Plan or the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that the STD Plan and the LTD Plan are employee benefit plans as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## SUMMARY OF ACTION

5.(sic) Lincoln admits Plaintiff was, at certain times, employed by Balfour as a Testing and Commissioning Manager. Lincoln denies all remaining allegations contained in the second Paragraph numbered "5" of the Complaint.

6. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD

Plan were evaluated by Lincoln and upon which Plaintiff's claim for benefits from the LTD Plan are being evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.  Lincoln is without sufficient information or knowledge to either admit or deny allegations concerning Plaintiff's communications with Balfour, and accordingly, denies the allegations contained in Paragraph 7 of the Complaint.

8.  Lincoln is without sufficient information regarding past accommodations to work remotely during his employment with Balfour, and accordingly, denies the allegations contained in Paragraph 8 of the Complaint.

9.  Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan were evaluated by Lincoln and upon which Plaintiff's claim for benefits from the LTD Plan are being evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits Plaintiff's last day of work at Balfour was on May 12, 2022. Lincoln is without sufficient information or knowledge to either admit or deny allegations concerning Plaintiff's communications with Balfour, and accordingly, denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff submitted a claim for benefits from the STD Plan. Lincoln admits it sent a letter to Plaintiff dated October 13, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent Plaintiff attempts to interpret the STD Plan, Lincoln refers to the STD Plan documents themselves as the best evidence of the contents. Lincoln admits the STD Plan document includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for short term disability benefits from the STD Plan, but Lincoln refers to the STD Plan documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that it received a letter dated October 13, 2022, from Plaintiff's counsel and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that it received a letter dated December 5, 2022, from Plaintiff's counsel and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent the allegations in Paragraph 18 contain legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that it sent a letter dated December 20, 2022, to Plaintiff's counsel and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it

violated any provision of ERISA and denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.     Lincoln admits that it sent a letter dated December 20, 2022, to Plaintiff's counsel and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.     To the extent the allegations in Paragraph 21 contain legal conclusions, Lincoln is not required to respond.  Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.     To the extent the allegations in Paragraph 22 contain legal conclusions, Lincoln is not required to respond.  Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

## COUNT ONE
## (DUTY TO PROVIDE DOCUMENTS - ERISA 502(c) and 29 USC 1132(c)

23.     Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 22 of the Complaint as though fully set forth in response to Paragraph 23 of the Complaint.

24.     Lincoln admits that it received a letter dated October 13, 2022, from Plaintiff's counsel and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26.     To the extent the allegations in Paragraph 26 contain legal conclusions, Lincoln is not required to respond.  Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 31 of the Complaint.

**COUNT TWO**
**(CLAIM FOR BENEFITS UNDER THE PLAN - 29 USC 1132(a)(1)(B))**

32. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 31 of the Complaint as though fully set forth in response to Paragraph 32 of the Complaint.

33. To the extent Plaintiff attempts to interpret the STD Plan documents or the LTD Policy, Lincoln refers to the STD Plan documents and the LTD Policy themselves as the best evidence of their contents. Lincoln admits the STD Plan documents and the LTD Policy include language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan or the LTD Plan, but Lincoln refers to the STD Plan documents and the LTD Policy themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. To the extent Plaintiff attempts to interpret the STD Plan documents or the LTD Policy, Lincoln refers to the STD Plan documents and the LTD Policy themselves as the best

evidence of their contents.  Lincoln admits the STD Plan documents and the LTD Policy include language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan or the LTD Plan, but Lincoln refers to the STD Plan documents and the LTD Policy themselves as the best evidence of their contents.  Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. To the extent the allegations in Paragraph 35 contain legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint

36. To the extent the allegations in Paragraph 36 contain legal conclusions, Lincoln is not required to respond.  Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the STD Plan and the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery from Lincoln.  To the extent Plaintiff attempts to interpret the STD Plan documents or the LTD Policy, Lincoln refers to the STD Plan documents and the LTD Policy themselves as the best evidence of their contents.  Lincoln admits the STD Plan documents and the LTD Policy include language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan or the LTD Plan, but Lincoln refers to the STD Plan documents and the LTD Policy themselves as the best evidence of their contents.  Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies the allegations contained in Paragraph 38 of the Complaint.

Lincoln denies all allegations contained in the Prayer of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. To the extent that Plaintiff raises a claim for breach of fiduciary duty against Lincoln, such claim fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

3. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, and Plaintiff may not recover statutory or other penalties from Lincoln.

4. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's benefits from the STD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

5. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

6. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for benefits from the STD Plan in that Plaintiff has not appealed the denial of such claim.

7. Plaintiff has failed to satisfy conditions precedent to Plaintiff's claim for benefits from the LTD Plan under the Policy in that Lincoln has made no decision on Plaintiff's claim as of the date this Answer was filed.

8. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9. Plaintiff has failed to state a claim for relief upon which statutory penalties may be awarded to Plaintiff or recovered from Lincoln.

10. Plaintiff was not prejudiced by any alleged failure by Lincoln to provide documents within the purview of 29 U.S.C. § 1132(c)(1)(B).

11. Lincoln has fully complied with all of Plaintiff's requests for documents that are within the purview of 29 U.S.C. § 1132(c)(1)(B).

12. Lincoln is not an entity from which statutory penalties under 29 U.S.C. § 1132(c)(1)(B) can be assessed or from which such statutory penalties may be recovered.

13. Lincoln reserves the right to assert additional defenses.

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: February 13, 2023.

            Respectfully submitted,

            LAW OFFICES OF IWANA RADEMAEKERS, P.C.
            17304 Preston Road, Suite 800
            Dallas, Texas 75252
            Main: (214) 579-9319
            Fax: (469) 444-6456
            Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
   Iwana Rademaekers, Esq.
   Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

> Gregory G. Paul, Esq.
> Email:  gregpaul@paullaw.com

| | |
|---|---|
| February 13, 2023 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |